UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL DAVIS, as executrix of the Estate of Frank Davis and CAROL DAVIS, individually, WENDY KAY HARRIS and LORI SORRETT,<br><br>        Plaintiffs,<br><br>v.<br><br>GUIDANT CORPORATION, et al.,<br><br>        Defendants. | Case No. 5:04-CV-00613 JF/PVT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR A PROTECTIVE ORDER** |

On August 2, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for a hearing on Plaintiffs' motion to compel discovery and Defendants' motion for a protective order.[1] Melissa A. Scartelli appeared on behalf of Plaintiffs and Joseph B. Valentine appeared on behalf of Defendants. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Plaintiffs' motion to compel is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Defendants' motion for protective order is GRANTED IN PART AND DENIED IN PART.

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

## I.  INTRODUCTION

Plaintiff Carol Davis is the widow of Frank Davis, who died on January 10, 2001, during surgery intended to cure an abdominal aneurism by inserting Defendant Guidant Corporation's "Ancure" device. Defendants reviewed medical films of Mr. Davis and reported to his doctors that Mr. Davis was not an appropriate candidate for surgery using the Ancure device. The surgery was nonetheless planned with the use of the Ancure device. Mr. Davis, however, died before the device could be inserted. Plaintiff claims that the operating physician used a process recommended in the troubleshooting suggestions of Guidant's Physicians Training Manual for patients like Mr. Davis, who had inadequate iliac/femoral access. According to Plaintiffs, Guidant did not investigate the safety of the troubleshooting suggestions in an improper attempt to expand the market for Ancure beyond the patients approved by the FDA to receive the device.

Plaintiff has issued two sets of document requests. "Set I" consists of twenty document requests. Plaintiff brings this motion to compel discovery of document requests 1, 2, 3, 4, 5, 6, 16, 17, 18, and 20 from Set I. "Set II" consists of 160 document requests. Defendants bring a motion for a protective order for 142 of those requests, arguing that Plaintiffs' document requests are irrelevant, disproportionate, unduly burdensome, and infringe on privacy rights of third parties. Plaintiffs contend that the documents requested are relevant to the matter in controversy and that the general public good outweighs the burdens associated with production.

Defendants have produced 70 boxes of documents that they claim contain: 1) all regulatory submissions to the FDA, including clinical trials and the original application for approval, as well as the 2001 application for re-approval; 2) thousands of incident files, including the FDA mandated Medical Device Reports ("MDR"), from at least 15 months before the Davis surgery and 21 months after.

## II.  PLAINTIFFS' MOTION TO COMPEL

### A.  Legal Standards

The Federal Rules of Civil Procedure allow liberal discovery:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead

to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b). A party must put forth a reasonable good-faith effort to comply with discovery. *See N.L.R.B. v. International Medication Sys., Ltd.* 640 F.2d 1110, 1115 (9th Cir. 1981). If a party, in response to a request for inspection submitted under Rule 34, fails to respond, or fails to permit inspection as requested, the discovering party may move for an order compelling an answer or an inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action. FED. R. CIV. P. 37 (a)(2)(B). A court may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. FED. R. CIV. P. 26(b)(2).

### B. Plaintiffs' Motion to Compel is Granted as to Requests 1, 2, 4, 5, 6, 16, 17, 18 and 20

Requests 1, 2, 4, 5, 6, 16, 17, 18 and 20 are relevant to the surgery at issue and are reasonably calculated to lead to discovery of admissible evidence. The requests are not unduly burdensome and the 70 boxes Defendants already produced do not contain sufficient responsive materials for these requests. In particular, the trouble-shooting suggestions for the Ancure device are at the very core of this case and the burden of producing this information does not outweigh its likely benefit. Additionally, the internal investigation of the recall and re-release of the Ancure device and the sales, marketing, and compensation documents sought are relevant to Plaintiffs' fraud claim and not unduly burdensome. Accordingly, Plaintiffs' motion to compel production of document requests 1, 2, 4, 5, 6, 16, 17, 18 and 20 is granted. The parties shall meet and confer regarding the most efficient means of producing documents responsive to these requests.

### C. Plaintiffs' Requests 3 is Denied

At the hearing, Plaintiffs agreed to a denial of the motion as to document request 3 because they were uncertain whether Defendants had already produced documents responsive to request 3. Accordingly, the motion to compel is denied without prejudice as to document request 3.

### D. Deposition of Guidant CEO Ron Dollens is Denied

Rule 30(a)(1) allows a party to depose any person without leave of court. The deposing party must give reasonable notice in writing to every other party to the action. FED. R. CIV. P. 30(a)(2).

Plaintiffs seek to compel the deposition of Guidant Chief Executive Officer Ron Dollens. Plaintiffs, however, have not formally noticed the deposition as required by Rule 30. Moreover, it is not clear whether the deposition of the CEO would be unduly burdensome without a complete record of Plaintiffs' attempts to obtain the information from other sources. Accordingly, Plaintiffs' motion to compel the deposition is denied without prejudice.

### E. Plaintiffs' Request for Sanctions is Denied

Plaintiffs move to impose sanctions on Defendants for allegedly refusing to comply with the discovery process and for failing to voluntarily disclose the addresses of two former Guidant employees, Jay Watkins and Richard Rush. Rule 26(a)(1) requires a party to voluntarily disclose the names and addresses of persons likely to have information that the party may use in support of its claims and defenses. Plaintiffs contend that Watkins and Rush left Guidant on unfavorable terms. Thus, Plaintiffs have not shown that the former employees have information favorable to Guidant. Therefore, Guidant was under no obligation to disclose their addresses. Additionally, in light of the complexity of the issues surrounding all of the discovery in this case, an award of sanctions would be unjust at this time. Moreover, Plaintiffs did not comply with Civil Local Rule 7-8(a), requiring a separate motion for sanctions. Therefore, Plaintiff's request for sanctions is denied.

## II. DEFENDANTS' MOTION FOR PROTECTIVE ORDER

### A. Legal Standards

> Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c).

In general, the party seeking a protective order for discovery materials must demonstrate that "good cause" exists for the protection of that evidence. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 827 (9th Cir. 2004). "Good cause" is established where it is specifically demonstrated that disclosure will

cause a "specific prejudice or harm." *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002). Courts have held that the showing of "good cause" under Rule 26 is a heavy burden. *See Blankenship v. Hearst Corp.*, 519 F.2d 418 (9th Cir. 1975). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Phillips*, 307 F.3d at 1211-12 (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

### B.      Defendants' Motion for Protective Order is Denied

#### *1.      Requests to which Defendants agree to respond*

Defendants agree to comply with seventeen document requests, namely numbers 24, 64, 65, 71, 75, 80, 93, 101, 103, 106, 108, 109, 113, 114, 115, 116, 125 and sub-parts 1 and 2 of request number 1. Accordingly, it is hereby ordered that Defendants' motion for protective order is denied as to the eighteen document requests to which Defendants have agreed to respond.

#### *2.      Requests Defendants admit deal with Mr. Davis*

Defendants concede that document requests 49, 76, 102, 115, 142, 143, 144, 145, 146, 147, 148, 149 and 153 actually pertain specifically to Mr. Davis. Accordingly, the Defendants' motion for a protective order is denied and Defendants are ordered to produce documents responsive to these requests.

#### *3.      Requests regarding information Mr. Neupert mentioned during deposition*

Document requests 6, 10, 11, 12, 13, 14, 15, 45, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63 and 160 seek documents regarding information Mr. Neupert mentioned during deposition. These requests are narrowly tailored and reasonably calculated to lead to discovery of admissible evidence. Accordingly, Defendants' motion for a protective order is denied and Defendants are ordered to comply with these document requests.

#### *4.      Motion for a protective order is granted as to the remaining requests*

Plaintiffs' second set of document requests is unreasonably burdensome because it is duplicative and compiled without any apparent order. Rule 26 does not require the court to re-write discovery requests for the parties. *Robin Singh Eucational Service, Inc. V. Excel Test Prep.*, 2004 WL 2554454 at *1 (N.D. Cal. 2004). Carefully combing through the requests would place an undue

1  burden on this court. Similarly, responding to these requests, as written, would place an undue burden
2  on Defendants. Accordingly, Defendants' motion for a protective order is granted as to the remaining
3  document requests in set II, subject to the following conditions.
4       Both parties shall meet and confer extensively in order to reach an agreement on the remaining
5  requests. Plaintiffs shall propound a revised set II, organized according to the six categories referenced
6  in their briefing and shall make every effort to streamline the discovery by eliminating duplicative or
7  unnecessary requests. In turn, Defendants shall make every effort to obtain clarification of any
8  remaining confusion, as opposed to objecting on hypertechnical grounds. Defendants shall keep in
9  mind their duty to make a reasonable good faith effort to comply with discovery and shall make the
10 required effort before objecting as to undue burden. Plaintiffs shall work with Defendants in order to
11 limit the burden of requests Defendants find, after having made a reasonable good faith effort, to be
12 unduly burdensome. Additionally, attorneys Scartelli and Valentine must meet and confer in person
13 prior to filing any additional discovery motions regarding Plaintiffs' requests for production, sets I and
14 II.

### III.  CONCLUSION

16      Based on the foregoing,
17      IT IS HEREBY ORDERED that Plaintiffs' motion to compel production of document requests
18 1, 2, 4, 5, 6, 16, 17, 18 and 20 is GRANTED.
19      IT IS FURTHER ORDERED that Plaintiffs' motion to compel production of document request
20 3 is DENIED.
21      IT IS FURTHER ORDERED that Plaintiffs' requests for sanctions are DENIED.
22      IT IS FURTHER ORDERED that Plaintiffs' motion to compel deposition of Guidant CEO Ron
23 Dollens is DENIED.
24      IT IS FURTHER ORDERED that Defendants' motion for a protective order is DENIED IN
25 PART. Defendants shall produce documents responsive to document requests 6, 10, 11, 12, 13, 14,
26 15, 24, 45, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 71, 75, 76, 80, 93,
27 101, 102, 103, 106, 108, 109, 113, 114, 115, 116, 125, 142, 143, 144, 145, 146, 147, 148, 149,
28 153, 160 and sub-parts 1 and 2 of request number 1 of Set II. The Motion for Protective Order is

1 GRANTED as to the remaining requests in Set II, as described herein. The parties shall meet and
2 confer regarding the remaining document requests of Set II.
3     IT IS FURTHER ORDERED that attorneys Melissa A. Scartelli and Joseph B. Valentine meet
4 and confer in person prior to either side filing any further discovery motions relating to these requests.
5     IT IS SO ORDERED.
6 Dated: August 9, 2005

 /s/ Patricia V. Trumbull
PATRICIA V. TRUMBULL
United States Magistrate Judge